IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PACEM DEFENSE, LLC<br>2941 Fairview Park Drive; Ste. 350<br>Falls Church, VA 22042<br><br>    *Plaintiff*,<br><br>    v.<br><br>UNITED STATES CUSTOMS AND<br>BORDER PROTECTION<br>1300 Pennsylvania Avenue, NW<br>Washington, DC 20229<br><br>    *Defendant*. | Case No. 1:25-cv-00596 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff PACEM Defense, LLC ("Plaintiff" or "PACEM Defense") brings this civil action against Defendant U.S. Customs and Border Protection ("Defendant" or "CBP") for declaratory and injunctive relief under the Freedom of Information Act, 5 U.S.C. § 552, and respectfully requests expedited review under 28 U.S.C. § 1657(a). Plaintiff alleges:

**NATURE OF THE CASE**

1.   The Freedom of Information Act ("FOIA") strongly favors openness because the statute compels agencies to disclose information to the public. As the U.S. Department of Justice website aptly describes the "basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors

1

accountable to the governed. The FOIA is often explained as a means for citizens to know what their Government is up to."[1]

2. In violation of this statutory obligation, Defendant CBP has not provided any determination to Plaintiff's FOIA appeal of September 27, 2024. Defendant did not make a timely determination, and it did not produce any responsive documents. Plaintiff seeks declaratory and injunctive relief under FOIA to compel CBP to comply with its statutory obligations.

## PARTIES

3. Plaintiff PACEM Defense, LLC is a limited liability company organized and existing under the laws of Virginia, with a principal place of business at 2941 Fairview Park Drive, Ste 350, Falls Church, VA 22042. PACEM Defense specializes in designing, developing, and producing a range of military and law enforcement munitions. PACEM Defense is a fully licensed manufacturer and exporter through the Department of State's Directorate of Defense Trade Controls (DDTC).

4. Defendant U.S. Customs and Border Protection is an agency within the meaning of 5 U.S.C. § 552(f), and it is in possession, custody, or control of records requested by Plaintiff that are the subject of this action.

## JURISDICTION AND VENUE

5. The Court has both subject matter jurisdiction over this action and personal jurisdiction over the Defendant under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

---

[1] U.S. Department of Justice, "About FOIA," quoting without citations the United States Supreme Court (internal quotation marks omitted), *available at* https://www.justice.gov/archives/open/foia (last visited Feb. 26, 2025).

7. The suit is timely as it has been "filed within six years after the right of action first accrue[d]." 28 U.S.C. § 2401(a); *see also Kenney v. DOJ*, 700 F. Supp. 2d 111, 115 (D.D.C. 2010) (explaining that the statute of limitations in Section 2401(a) "is a jurisdictional condition attached to the government's waiver of sovereign immunity").

## **LEGAL STANDARD**

8. FOIA strongly favors openness. *DOJ v. Tax Analysts*, 492 U.S. 136, 142 (1989). "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

9. Congress adopted a FOIA time limit provision "in order to contribute to the fuller and faster release of information, which is the basic objective of the Act." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 64 n.8 (D.C. Cir. 1990) (internal quotation marks omitted).

10. FOIA requires that an agency "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of (I) such determination and the reasons therefore; (II) the right of such person to seek assistance from the FOIA Public Liaison of the agency; and (III) in the case of an adverse determination […] the right of such person to appeal[.]" 5 U.S.C. § 552(a)(6)(A).

11. FOIA further requires that an agency "make a determination with respect to any appeal within twenty working days (exempting Saturdays, Sundays, and legal public holidays) upon receipt of such appeal." 5 U.S.C. § 552(a)(6)(A)(ii).

12. To comply with the statute, the determination "must be more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt

documents and claim exemptions in the future." *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013) ("*CREW*"). At a minimum, to make a proper "determination," the agency instead must "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Id.*

13. If the agency does "not respond within twenty days of the appeal," the requester "will be deemed to have fully exhausted his administrative remedies and may bring suit." *Oglesby*, 920 F.2d at 66. An agency may not eschew this exhaustion rule by simply deciding "to later decide." *CREW*, 711 F.3d at 186. The agency instead must "at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Id.*

14. In certain circumstances, an agency may provide notice to the requester that "unusual circumstances" merit additional time—up to an additional ten working days—to respond. 5 U.S.C. § 552(a)(4)(viii)(II)(aa). "Unusual circumstances" include, among other things, "the need for consultation" "with another agency" or "among two or more components of the agency" "having a substantial interest" in the determination of the request. *Id.* § 552(a)(6)(B)(iii)(III). If an agency provides notice to the requester of "unusual circumstances," and it is unable to respond to the request within the statutory deadline, the agency must provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request." *Id.* § 552(a)(6)(B)(ii).

15. An agency is not required to produce responsive, non-exempt records within the 20- or 30-day statutory time limit but instead must make such records "promptly available" "upon

any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees, (if any) and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). An agency's "determination" "to comply with a request for records" will also trigger its duty to make such responsive records "promptly available." *Id.* § 552(a)(6)(C)(i).

16. Although FOIA does not assign a particular timeframe for an agency to comply with its requirement to make documents "promptly available," the D.C. Circuit has concluded that "depending on the circumstances," this requirement "typically would mean within days or a few weeks of a 'determination,' not months or years." *CREW*, 711 F.3d at 188.

17. An agency responding to a valid request for records "shall make reasonable efforts to search for [such] records." 5 U.S.C. § 552(a)(3)(C). An agency's search is "adequate" if it "has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. DOJ*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). The agency must conduct a "search reasonably calculated to uncover all relevant documents." *Ethyl Corp. v. EPA*, 25 F.3d 1241, 1248 (4th Cir. 1994).

## RELEVANT FACTS

18. This FOIA action seeks the expedited production of certain documents and records in possession of CBP and submitted by Battle Born Munitions, Inc. ("BBM").

19. In November 2023, BBM submitted a petition to CPB seeking the remission of grenades seized by Homeland Security Investigations (HSI) on October 11, 2023 (the "BBM Petition"). Shortly after the BBM Petition, Plaintiff submitted its own petition requesting the remission of the same grenades (the "PACEM Petition").

20. On May 16, 2024, CBP issued a decision granting the BBM Petition.

21. On or around August 5, 2024, BBM submitted additional documentation to CBP in response to the May 16, 2024 Decision.

22. On August 22, 2024, CBP issued a decision denying the PACEM Petition stating as follows:

> PACEM has not provided a 'proof of a petitionable interest in the seized property' that is superior to that of other parties involved. Rather, it appears that at least one other party who submitted a petition on its own behalf, including BBM, has an interest in the property that is superior to that of PACEM . . . After review of the file, based on the analysis above, we find that PACEM has failed to set forth a petitionable interest in the seized property that is superior to at least one other petitioner's interest … and PACEM's request for relief is **DENIED**. If the petitioner is dissatisfied with this decision, the petitioner may submit a supplemental petition within 30 days from the date of notice to the petitioner of this decision[.]

23. Plaintiff is requesting any documents submitted to CBP by BBM, including any documents filed or submitted in response to CBP's May 16, 2024 granting the BBM Petition. Plaintiff requires such documents in order to challenge CBP's decision denying the PACEM Petition.

24. On September 12, 2024, Plaintiff submitted an expedited FOIA request to CBP via CBP's "SecureRelease" portal (the "FOIA Request") to obtain such documents.

25. In the FOIA Request, Plaintiff requested "expedited production of any and all administrative record documentation related to what footnote [1] one of the enclosed August 22, 2024, U.S. Customs and Border Protection ("CBP") Decision refers to as: 'CBP also received a submission from Battle Born Munitions ("BBM"). In addition, CBP received a submission from the National Police of Ukraine, which confirmed that the grenades were being exported to the National Police of Ukraine.'" The request included a time period of October 1, 2023, to September 12, 2024. A true and correct copy of the Sept. 12, 2024 FOIA Request is attached hereto as **Exhibit A**.

26. As Plaintiff explained, the FOIA Request was submitted for expedited processing "based on the fact that, 'the request involved a 'loss of substantial due process rights.'" *Id.* Plaintiff

6

further explained that, "[i]n order for Pacem to understand why its 'petitionable interest' is inferior to 'at least one other petitioner's interest,' Pacem needs at least basic notice of what those other petitioner's interest are, *i.e.*, what the U.S. Supreme Court describes as the 'essential constitutional promises' of procedural due process[.]" *Id*.

27. In an email dated September 22, 2024, CBP communicated that the requested documents would not be provided and the FOIA Request had been "closed." Specifically, CBP stated that Plaintiff's FOIA request was "reviewed as a third-party request and did not include authorization that information on this individual, or business, can be released to you. All third party FOIA requests must include a signed G-28 or G-639 form, or a signed statement from the individual verifying that his/her information may be released to you. […] Your FOIA request has been closed as insufficient. Please be advised that this action is not a denial of your request and will not preclude you from filing other requests in the future. Please resubmit your FOIA request, along with the required information[.]" A true and correct copy of CBP's Sept. 22, 2024 Response is attached hereto as **Exhibit B**.

28. Plaintiff's FOIA request was not a third-party request.

29. On September 23, 2024, Plaintiff re-submitted its prior expedited request via the agency's "SecureRelease" portal (the "FOIA Re-submission"). In the FOIA Re-submission, Plaintiff stated that the FOIA Request is "not a third-party request on behalf of another entity" and reiterated Plaintiff's due process grounds for submitting the FOIA Request on an expedited basis. Plaintiff also attached the original September 12, 2024 FOIA Request to the resubmission. A true and correct copy of Plaintiff's Sept. 23, 2024 FOIA Re-submission is attached hereto as **Exhibit C**.

30. Following the FOIA Re-submission, Plaintiff received a phone call from a CBP FOIA employee who insisted that the FOIA Request was a third-party request. Plaintiff disagreed and once again explained that PACEM Defense required the information as a matter of due process in order to understand CBP's August 22, 2024 decision denying Plaintiff's petition for remission.

31. On September 26, 2024, Plaintiff received Defendant's "Final Response," advising Plaintiff that, "[a] search of CBP databases revealed that any responsive records are currently part of an open and pending investigation and/or CBP action. . . .  Therefore, all pages of responsive records are being withheld in their entirety pursuant to Title 5 U.S.C. §552(b)(7)(A)."

32. FOIA section 552(b)(7) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings [or] (B) would deprive a person of a right to a fair trial or an impartial adjudication." 5 U.S.C. § 552(b)(7)(A)-(B), (hereinafter the "Law Enforcement Exemption").

33. Plaintiff's request qualified for an exception to the Law Enforcement Exemption.

34. On September 27, 2024, Plaintiff appealed Defendant's Final Response (the "FOIA Appeal").  In the FOIA Appeal, Plaintiff asserted that the "the requested information is for due process purposes" and, therefore, qualifies for the exception to the Law Enforcement Exemption cited in the Final Response. Specifically, Plaintiff explained that FOIA section 552(b)(7)(B) provides for the release of "records or information compiled for law enforcement purposes … to the extent that the production of such law enforcement records or information … would deprive a person of a right to a fair trial or an impartial adjudication." As Plaintiff further explained, "withholding all responsive information deprives Pacem of its 'right to …. an impartial adjudication' in the ongoing administrative matter cited in the FOIA Request," namely CBP Case

8

2023150190000101. A true and correct copy of Plaintiff's Sept. 27, 2024 FOIA Appeal, including enclosures, is attached hereto as **Exhibit D**.

35. In the FOIA Appeal, Plaintiff once again reiterated that "for Pacem to understand why its "petitionable interest" [was determined to be] inferior to "to at least one other petitioner's interest," Pacem needs at least basic notice of what those other petitioner's interests are. Accordingly, Pacem appeals the denial of is FOIA request[.]" *Id.*

36. On September 30, 2024, Plaintiff received an email from "an unmonitored [CBP] email account" acknowledging receipt of the FOIA Appeal and stating that CBP "will process [Plaintiff's] appeal … as expeditiously as possible."

37. On December 5, 2024, Plaintiff sent a letter to CBP's FOIA Appeal Office requesting a response to the FOIA Appeal dated September 27, 2024. A true and correct copy of the Dec. 5, 2024 Letter from Plaintiff's Chief Legal Officer to CBP is attached hereto as **Exhibit E.**

38. CBP waited more than 130 days before responding to the FOIA Appeal.

39. On February 11, 2025, CBP sent Plaintiff an email simply stating that CBP is "reaching out to [Plaintiff] to seek clarification of what you [are] asking for specifically with respect to Battle Born Munitions (BBM) in your request." A true and correct copy of the Feb. 11, 2025 Email from CBP to Plaintiff's Chief Legal Officer is attached hereto as **Exhibit F**.

40. On February 14, 2025, Plaintiff responded to CBP's email by reiterating what was sought in the initial expedited FOIA Request. Plaintiff clarified that Plaintiff is "asking for whatever was filed by BBM in response to the attached May 16, 2024, HQ Relief Granted Decision." *Id.*

41. CBP has not responded to Plaintiff's February 14, 2025 email, and it still has not provided any determination on the FOIA Appeal dated September 27, 2024.

42. CBP did not issue a determination on the FOIA Appeal within twenty working days, and CBP did not explain how "unusual circumstances" may have warranted more time.

43. CBP has not informed Plaintiff of the scope of the documents that it will produce or the scope of the documents that it plans to withhold under any FOIA exemptions.

## CLAIMS FOR RELIEF

### COUNT I
**Failure to Comply with Statutory Deadlines in Violation of 5 U.S.C. § 552(a)(6).**

44. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 43, as if fully set forth here.

45. To date, CBP has not provided a final determination as to the FOIA Appeal submitted by Plaintiff on September 27, 2024.

46. More than twenty working days have passed since Plaintiff submitted the FOIA Appeal.

47. FOIA requires CBP to have provided a final determination within 20 working days of receipt of the FOIA Appeal. CBP may extend the 20-day period in the event of "unusual circumstances," as defined by 5 U.S.C. § 552(a)(6)(B)(iii), for a maximum of 10 working days, but it must specify the unusual circumstances for such extension and the date on which a determination is expected, *see id.* §§ 552(a)(4)(A)(viii)(II)(aa), 552(a)(6)(B)(i-ii).

48. CBP has not informed Plaintiff of any unusual circumstances warranting additional time.

49. Even assuming unusual circumstances existed, CBP has not provided a final determination within 30 working days of receipt of Plaintiff's FOIA Appeal.

50. In addition, CBP failed to identify a date by which it expected to render a determination in the event of such unusual circumstances, also in violation of FOIA. 5 U.S.C. § 552(a)(4)(viii)(II)(aa).

51. CBP thus failed to make the statutorily required determination as to the FOIA Appeal, in violation of 5 U.S.C. § 552(a)(6).

52. Plaintiff constructively has exhausted all administrative remedies required by FOIA. *See* 5 U.S.C. § 552(a)(6)(C)(i).

53. Courts have recognized that a requester may allege "an independent cause of action" against an agency for violating FOIA "by failing to respond to his request and others within the statutory time limits." *Gilmore v. U.S. Dep't of Energy*, 33 F. Supp. 2d 1184, 1186 (N.D. Cal. 1998) (citing *Payne Enters., Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988)).

**COUNT II**
**Unlawful Withholding of Agency Records in Violation of 5 U.S.C. § 552(a)(3).**

54. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 53, as if fully set forth here.

55. FOIA requires CBP to process a valid request for agency records and "promptly" to provide responsive records, or the reasonably segregable portions of those records, to Plaintiff. 5 U.S.C. § 552(a)(3)(B). This statutory requirement "typically would mean *within days or a few weeks* of a 'determination,' not months or years." *CREW*, 711 F.3d at 188 (emphasis added).

56. As explained above, CBP has not made a determination as to Plaintiff's FOIA Appeal. Nor has CBP provided any responsive records or otherwise claimed that any responsive records are exempt from disclosure (other than in its September 26, 2024 "Final Response," which Plaintiff appealed on September 27, 2024).

11

57. This Court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

A. Declare that CBP failed to comply with statutory deadlines in violation of 5 U.S.C. § 552(a)(6);

B. Order CBP to make a determination for the FOIA Appeal at issue;

C. Declare that CBP unlawfully has withheld records, or portions of responsive records, in violation of 5 U.S.C. § 552(a)(3)(B);

D. Declare that CBP's denial of Plaintiff's request on the grounds that the requested information was exempted from disclosure under the Law Enforcement Exception codified at 5 U.S.C. § 552(b)(7) was erroneous in that by withholding the requested documents and information Plaintiff was deprived of its "right to …. an impartial adjudication" under 5 U.S.C. § 552(b)(7)(B);

E. Order CBP to immediately and expeditiously provide Plaintiff with all records responsive to the FOIA Appeal;

F. Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412(d);

G. Fully expedite this action pursuant to 28 U.S.C. § 1657(a); and

H. Grant such other relief as the Court may deem just and proper.

Date: February 28, 2024                              Respectfully submitted,

*/s/ Philip O'Beirne*
Philip O'Beirne (DC Bar No. 1003436)
Stein Mitchell Beato & Missner LLP
2000 K Street, NW Suite 600
Washington, DC 20006
Tel: (202) 661-0959
Fax: (202) 296-8312
pobeirne@steinmitchell.com
